# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SYLVESTER THOMAS,

        Petitioner,

v.                                                         Case No. 09-CV-640

BYRAN BARTOW,

        Respondent.

_____

## ORDER

On June 30, 2009, petitioner Sylvester Thomas ("Thomas") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As best the court can tell from Thomas's filings, Thomas was convicted on April 13, 1992, in Milwaukee County Circuit Court of third degree sexual assault, a violation of Wis. Stat. § 940.225. He claims that he was sentenced to five years as a result of this conviction, though he also claims that he concluded serving his entire sentence on October 14, 2007.[1] He was not released in 2007, however, rather he was then civilly committed as a "sexually violent person" ("SVP") under Wis. Stat. § 980. He is presently confined at the Wisconsin Resource Center in Winnebago, Wisconsin. He seeks a writ challenging his present confinement as a SVP pursuant to § 980.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from

---

[1] It appears he may have been out on supervised release, which was then revoked on June 2, 2006, which would explain the discrepancies in time periods.

the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Thomas's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it is unclear if Thomas's petition is timely or not. According to the information provided in his federal habeas petition, Thomas was committed on October 10, 2007, after which, it would appear, he did not seek any relief therefrom. Thomas does state that he had a hearing before the Supreme Court of Wisconsin on June 16, 2009 (the result of which was: "Denied, ex parte"). However, he provides no explanation or documentation regarding this hearing. In sum, given the

paucity of documentation, and general incoherence of petitioner's filings, the court is uncertain whether this petition is timely.

What does appear certain, however, is that Thomas has not exhausted his state court remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Thomas's petition are not exhausted. The court cannot say with much certainty what exactly Thomas's claims are, other than that he believes the proper procedures for his commitment as a SVP were not followed. However, what is clear from his habeas petition, is that it does not appear

that he has presented these claims to the various levels of the Wisconsin state court system. His commitment order was, it appears, entered by the Milwaukee County Circuit Court on October 10, 2007. According to his own petition, Thomas did not appeal that decision, nor did he bring a motion for postconviction relief. As such, he did not exhaust his state court remedies, and review by this court would be premature.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that petitioner's Motion to Review (Docket #3) be and the same is hereby **DENIED** as moot.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge