# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SYLVESTER THOMAS,

        Petitioner,

  v.                                                                 Case No. 09-CV-640

BYRAN BARTOW,

        Respondent.

## ORDER

On June 30, 2009, petitioner Sylvester Thomas, a person civilly committed pursuant to a state court judgment, petitioned for a writ of habeas corpus. (Docket #1). On July 14, 2009, the court denied his petition on the basis that Thomas had not exhausted his state court remedies. (Docket #4). On August 10, 2009, petitioner filed a Notice of Appeal. (Docket #7). The court interprets Thomas's Notice of Appeal as implicitly requesting a certificate of appealability. For the reasons stated below, the court is obliged to deny Thomas a certificate of appealability.

Before a habeas petitioner may take an appeal, in this case to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

Petitioner has not requested a COA; however, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. Because a separate request for a COA has not been filed, petitioner relies on his notice of appeal rather than any argument in support of his COA. "A petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a [COA] may issue only when 'the applicant has made a substantial showing of the denial of a constitutional right.'" *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "A notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything." *West*, 485 F.3d at 395.

Thomas's notice of appeal is no exception to the foregoing maxim. It provides no basis for disturbing the court's judgment. Thomas has not exhausted his state court remedies, thus his habeas petition was properly denied.

Accordingly,

**IT IS ORDERED** that petitioner's implied Request for Certificate of Appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2009.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge