UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SYLVESTER THOMAS,

        Petitioner,

v.                                                 Case No. 09-CV-640

BYRAN BARTOW,

        Respondent.
_____

## ORDER

On June 30, 2009, petitioner Sylvester Thomas ("Thomas") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1) On July 14, 2009, the court denied Thomas's petition. (Docket #2). On August 10, 2009, Thomas filed a notice of appeal (Docket #6), but did not request a certificate of appealability. The court construed the notice of appeal as an implied request for a certificate of appealability, analyzed it as such, and denied said implied request on September 29, 2009 (Docket #10). On October 9, 2009, Thomas filed a motion to proceed in forma pauperis (Docket #14) which the court denied on October 16, 2009 (Docket #15) upon a finding that Thomas's appeal was not taken in good faith. Then, on December 4, 2009, Thomas filed two motions in which he claimed his rights under the 5th, 8th, and 14th Amendments of the Constitution were being violated. (Docket ##'s 18, 19). Given the procedural status of the case, the court held that there was no basis for Thomas to be filing such motions before the court. Further, the court pointed out that the defendants named in the motions were not

even the named defendant in this action. The court, therefore, dismissed Thomas's motions, and instructed him that no additional motions should be filed with the district court in this case.

Thomas, in blatant disregard of the court's admonition, filed a Motion for Reconsideration (Docket # 23) on January 11, 2010. Thomas apparently takes issue with the fact that his two previous motions were filed in this case; it would seem that he argues that the clerk of the court should have filed them in a different case. Of course, if that is his position, then one must reasonably inquire as to why he is asking this court to reconsider its ruling dismissing those motions from this case (a case in which he admits those motions have no place)? This is unclear.[1] What is clear is that there is no reasonable justification for Thomas to continue filing motions with this court. His behavior only serves to further burden this court's limited resources. *In re McDonald,* 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.")*; see also In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial

---

[1] Further confusing matters is the fact that nowhere in his most recent motion does Thomas even state what relief he seeks.

-2-

Case 2:09-cv-00640-JPS   Filed 01/15/10   Page 2 of 4   Document 24

resources, diverting the time and energy of the judiciary away from processing good faith claims.").

This order constitutes the final warning before the court contemplates issuing a prefiling injunction limiting the petitioner's ability to file any more motions with this court in the matter at hand, a step several federal district courts have sadly had to take in order to limit abuses of the right to access the court. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (issuing a prefiling injunction prohibiting the petitioner from filing any more motions for reconsideration without the Fourth Circuit's approval); *see also Frazier v. United States*, No. 4:03CV01060 ERW, 2009 U.S. Dist. LEXIS 5622, at *6 (E.D. Mo. Jan. 28, 2009) ("Petitioner's pattern of filing frivolous and improper motions in this case is an abuse of this Court's resources."). Other penalties may be imposed by this court at its discretion. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (issuing a fine of $500 and holding that "any further applications for leave to file successive collateral attacks will be deemed denied on the 30th day unless the court otherwise orders" against a prisoner who filed excessive complaints with the court); *see also In re Walker*, 238 F.3d 426 [published in full-text format at 2000 U.S. App. LEXIS 38070] (6th Cir. 2000) ("[P]risoners who persist in flooding the courts with frivolous and repetitive actions that waste the courts' time and resources … risk being sanctioned for doing so, including losing their ability to proceed in forma pauperis with respect to their future civil actions, as well as being subjected to a substantial fine.").

-3-

Case 2:09-cv-00640-JPS   Filed 01/15/10   Page 3 of 4   Document 24

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge