_____

SYLVESTER THOMAS,

        Petitioner,

v.                                                                                  Case No. 09-CV-640

BRYAN BARTOW,

        Respondent.

_____

## ORDER

On June 30, 2009, petitioner, Sylvester Thomas – a frequent filer[1] – filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his civil commitment as a sexually violent person under Wis. Stat. § 980. Per Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court conducted an initial screening of the petition in order to determine whether "it plainly appear[ed] from the face of the petition . . . that the petitioner [was] not entitled to relief." The court, in its Order dated July 14, 2009, stated that it was unable to determine whether Thomas's petition was timely. The court went on to explain that, according to the information submitted by Thomas in support of his petition, it was clear that Thomas had not exhausted his claims in state court. Thomas appealed the court's order, and the Seventh Circuit Court of Appeals stated in a two-paragraph order that "it is impossible to determine that the petition is

---

[1] Within the last year, Thomas has filed five other federal actions, each of them brought pursuant to 42 U.S.C. § 1983. Each WAS dismissed as meritless by Judge William Griesbach.

untimely or that Thomas defaulted federal review of his claims." The court of appeals thus vacated this court's order, and remanded the case for further proceedings.

To be clear, this court neither ruled that Thomas's petition was untimely, nor that he had defaulted his claims. Indeed, this court explicitly stated that it was not making a finding as to the timeliness of Thomas's petition. As for the matter of whether Thomas defaulted his claims, that was an issue that this court never reached, as this court's dismissal was premised entirely on the fact that Thomas did not exhaust his claims in state court. *See Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them."). While exhaustion of claims and default of claims are similar concepts, they are, in fact, two separate questions.

Regrettably, the court of appeals did not address this court's finding that Thomas failed to exhaust his claims. Rather, the court of appeals stated that the court "could order Thomas to supplement his petition with the necessary information or instruct the state to respond – thereby giving it an opportunity to assert and prove these affirmative defenses." The court of appeals' reference to affirmative defenses is perplexing because, as noted, this court's order pertained only to exhaustion – which is singular, and which is not the state's obligation to prove a lack thereof. *See Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971) ("The burden was on the petitioner

of proving compliance with the exhaustion requirement."); *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (holding that the habeas petitioner has the burden of proving exhaustion of state remedies); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008) (same); *DeFoy v. McCullough*, 393 F.3d 439, 443 (3rd Cir. 2005) (same); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (same); *Carmichael v. White*, 163 F.3d 1044, 1046 (8th Cir. 1998) (same).

Despite the ambiguity of the court of appeals' order, as well as the basis for its order, what was clear was that this court could choose either to direct Thomas to supplement his petition or to direct the state to respond.

Because directing the state to respond to Thomas's petition would only create unnecessary expense and depletion of resources if, in fact, Thomas had not exhausted his claim (thus eviscerating the whole point of the Rule 4 screening process), the court directed Thomas to supplement his petition. The court explained that Thomas should provide the requisite information for the court to determine whether Thomas has exhausted his claim in state court. The court detailed that Thomas should provide the following type of information: 1) the name and location of the courts in which he has challenged his civil commitment pursuant to § 980; 2) the case number of the cases in which he has challenged his civil commitment pursuant to § 980; 3) the dates on which such cases were filed and the dates on which they were ultimately resolved; 4) the outcome of such cases; and 5) the specific grounds for release advanced in each such case. The court further stated

that, if at all possible, Thomas should also provide the final written orders resolving his actions in the various above-referenced state courts. The court granted Thomas thirty days in order to provide evidence or allegation of exhaustion. Over ninety days have elapsed since the court directed Thomas of the necessity that he provide some information or allegation as to exhaustion, and yet he has provided neither. Exhaustion is an element on which Thomas bears the burden of proof, and it is an element that if absent warrants dismissal at the Rule 4 screening stage of proceedings. Thus, denial of Thomas's petition is appropriate.

Though Thomas did not file any documentation alleging or substantiating exhaustion, he did file a "Motion for Summary Judgment" and a "Motion for Leave to File an Amended Complaint." The summary judgment motion details the substance of Thomas's argument; however, because exhaustion is lacking, the court has no reason to consider the merits of Thomas's claim. The motion for leave to amend does not seek leave to amend anything; indeed, it is not even a motion. Rather, the motion for leave to amend is merely a one page document criticizing the court for its delay in ruling on Thomas's petition. Thomas claims that the delay is a denial of his access to the courts. However, the delay in the court's ruling is simply a result of the fact that the court appreciates the difficulties confined persons often face when attempting to procure and file legal documents. The court merely sought to provide Thomas every opportunity to properly allege or show exhaustion of his claims. Clearly Thomas feels the court has given him more than enough time;

however, since he did not use that time to allege or show exhaustion, the court is obliged to deny his petition.

Under the recently amended Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court is to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As the court is now entering a final order adverse to Thomas, the applicant, the court will additionally rule on the issue of a certificate of appealability.

Before a § 2254 petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

In the instant case, it is clear that the court should not issue a COA. No reasonable jurist could debate the correctness of this court's ruling, as a district court

-5-

may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Thomas has not even alleged that the state courts have had a full and fair opportunity to review his claims.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Summary Judgment (Docket #28) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File an Amended Complaint (Docket #30) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**;

The Clerk of the Court is directed to enter Judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge