UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SYLVESTER THOMAS,

        Plaintiff,

v.                                                 Case No. 09-CV-640

BYRAN BARTOW,

        Defendant.
_____

## ORDER

On June 30, 2009, petitioner, Sylvester Thomas – a frequent filer[1] – filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his civil commitment as a sexually violent person under Wis. Stat. § 980. Per Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court conducted an initial screening of the petition in order to determine whether "it plainly appear[ed] from the face of the petition . . . that the petitioner [was] not entitled to relief." The court, in its Order dated July 14, 2009, stated that it was unable to determine whether Thomas's petition was timely. The court went on to explain that, according to the information submitted by Thomas in support of his petition, it was clear that Thomas had not exhausted his claims in state court. Thomas appealed the court's order, and the Seventh Circuit Court of Appeals stated in a two-paragraph order that "it is impossible to determine that the petition is

---

[1] Within the last year, Thomas has filed five other federal actions, each of them brought pursuant to 42 U.S.C. § 1983. Each WAS dismissed as meritless by Judge William Griesbach.

untimely or that Thomas defaulted federal review of his claims." The court of appeals thus vacated this court's order, and remanded the case for further proceedings.

To be clear, this court neither ruled that Thomas's petition was untimely, nor that he had defaulted his claims. Indeed, this court explicitly stated that it was not making a finding as to the timeliness of Thomas's petition. As for the matter of whether Thomas defaulted his claims, that was an issue that this court never reached, as this court's dismissal was premised entirely on the fact that Thomas did not exhaust his claims in state court. *See Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them."). While exhaustion of claims and default of claims are similar concepts, they are, in fact, two separate questions.

Regrettably, the court of appeals did not address this court's finding that Thomas failed to exhaust his claims. Rather, the court of appeals stated that the court "could order Thomas to supplement his petition with the necessary information or instruct the state to respond – thereby giving it an opportunity to assert and prove these affirmative defenses." The court of appeals' reference to affirmative defenses is perplexing because, as noted, this court's order pertained only to exhaustion – which is singular, and which is not the state's obligation to prove a lack thereof. *See Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971) ("The burden was on the petitioner

of proving compliance with the exhaustion requirement."); *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (holding that the habeas petitioner has the burden of proving exhaustion of state remedies); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008) (same); *DeFoy v. McCullough*, 393 F.3d 439, 443 (3rd Cir. 2005) (same); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (same); *Carmichael v. White*, 163 F.3d 1044, 1046 (8th Cir. 1998) (same).

Despite the ambiguity of the court of appeals' order, as well as the basis for its order, what was clear was that this court could choose either to direct Thomas to supplement his petition or to direct the state to respond.

Because directing the state to respond to Thomas's petition would only have created unnecessary expense and depletion of resources if, in fact, Thomas had not exhausted his claim (thus eviscerating the whole point of the Rule 4 screening process), the court directed Thomas to supplement his petition. The court explained that Thomas should provide the requisite information for the court to determine whether Thomas had exhausted his claim in state court. The court detailed that Thomas should provide the following type of information: 1) the name and location of the courts in which he has challenged his civil commitment pursuant to § 980; 2) the case number of the cases in which he has challenged his civil commitment pursuant to § 980; 3) the dates on which such cases were filed and the dates on which they were ultimately resolved; 4) the outcome of such cases; and 5) the specific grounds for release advanced in each such case. The court further stated

that, if at all possible, Thomas should also provide the final written orders resolving his actions in the various above-referenced state courts. The court granted Thomas thirty days (but actually gave him ninety days) in order to provide evidence or allegation of exhaustion. Ultimately, Thomas never provided any information in support of exhaustion, nor did he ever even allege that he had exhausted his claims. Because exhaustion is an element on which Thomas would bear the burden of proof, and since it is an element that if absent warrants dismissal at the Rule 4 screening stage of proceedings, the court denied Thomas's petition. The court further denied Thomas a certificate of appealability, since no reasonable jurist could debate the correctness of the court's ruling, given that Thomas, despite being given ninety days to do so, never even alleged exhaustion of his claims.

On June 14, 2010, Thomas filed a notice of appeal of this court's order denying his habeas petition and dismissing this case. He also filed for leave to appeal in forma pauperis. There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence; the appeal is taken in bad faith; or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). A district court should not hold a petitioner to an inappropriately high standard when making a determination of good faith. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Thomas's case exemplifies bad faith. The Seventh Circuit ordered that this court could either direct the government to respond to Thomas's petition, or that this court could allow Thomas the opportunity to supplement his petition with the necessary information. Thus, there can be no debate that this court acted properly by instructing Thomas to supplement his petition. Additionally, because Thomas did not even attempt to supplement his petition, despite the court allowing him ninety days to do so, there can be no debate that denial of his petition was the only reasonable response available to this court. For Thomas to make no effort to even allege exhaustion, but to then turn around and appeal this court's denial of his claim due to a lack of exhaustion, is the epitome of bad faith. If Thomas had any basis for maintaining that his claims were exhausted, he should have presented such information to this court. If he has no such basis, then he has no basis to think he can succeed on appeal. Thus, the court is obliged to deny Thomas's motion.

Thomas should be aware that he incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir.1997), overruled on other grounds by *Lee*, 209 F.3d at 1026-27. The fact that the court is denying the request to proceed in forma pauperis on appeal means that the full filing fee is due within fourteen days of this order. 7th Cir. R. 3(b). This payment must be made to the Clerk of the District Court for the Eastern District of Wisconsin; the Clerk of the District Court receives the appellate fee on behalf of the court of appeals. Failure to pay in full within the time limit may result in dismissal. Id. However, the court advises Thomas that Fed. R. App. P. 24(a)(5) permits an appellant "to file a motion to proceed on appeal

in forma pauperis in the court of appeals within 30 days after" the Clerk of the District Court has provided notice to him under Fed. R. App. P. 24(a)(4) that the district court has determined that he is not entitled to proceed on appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for Leave to Appeal in forma pauperis (Docket #38) be and the same is hereby **DENIED**, as the court certifies in writing pursuant to 28 U.S.C. § 1915(a)(3) that such appeal is not taken in good faith.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-6-

Case 2:09-cv-00640-JPS    Filed 06/30/10    Page 6 of 6    Document 39